IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **JASON REDWINE #218470,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:15-cv-00244 |
| | ) | |
| **RUTHERFORD COUNTY,** | ) | Judge Trauger |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM

Plaintiff Jason Redwine, an inmate incarcerated in the Rutherford County Jail in Murfreesboro, Tennessee, filed a *pro se* complaint alleging "cruel and inhumane treatment." The plaintiff described his action as "a civil litigation lawsuit" (Docket Entry No. 1, at 1), and followed it with a complaint form that he captioned "Civil Rights." (Docket Entry No. 4.) The complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

### I. Standard of Review

Under the PLRA, the court must conduct an initial review of any civil complaint filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), or brought by a prisoner-plaintiff against government entities or officials, 28 U.S.C. § 1915A, or challenging the conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Pro se* status, however, does not exempt a plaintiff from compliance with relevant rules of procedural and substantive law. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither [the Supreme] Court nor other courts . . . have been willing to abrogate basic pleading essentials in *pro se* suits."); *see also Brown v. Matauszak*, 415 F. App'x 608, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating, "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (citation and internal quotation marks omitted; alteration in original).

II.     **Factual Allegations**

The plaintiff alleges that he has been denied access to the courts and to a law library, and that his being provided with a roll of toilet paper only once a week constitutes "cruel and inhumane treatment." Jail documentation attached to the complaint indicates that the jail issues toilet paper weekly, and that inmates can purchase toilet paper from the commissary as needed. (Docket Entry No. 1, at 4–5.) The same documentation indicates that in response to his repeated demands to go to the law library, the plaintiff has been told that the jail does not have a law library but will provide any legal material the plaintiff requests on a legal information request form. (*Id.*)

The vast majority of the plaintiff's allegations throughout his complaint and subsequent letters to the court, however, are about perceived flaws in his state criminal prosecution. Specifically, he alleges that a lack of discovery, violations of his right to due process (mostly in the form of continuances and delay) and ineffectiveness of his counsel left him with no choice but to enter a plea of guilty. (Docket Entry Nos. 1, 4, 6, 7, 7-1.)

## III. Analysis

The plaintiff brings suit under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

The plaintiff has failed to satisfy either of these requirements with respect to his claims

about a law library and toilet paper. Nowhere in any of his submissions to this court has the plaintiff named any defendant to this lawsuit.[1] He does not state a claim against the county, because he does not allege that the perceived violations are carried out under the authority of an unconstitutional policy or custom adopted by the county. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("The County may be held liable for [plaintiff's] injuries only if those injuries were the result of an unconstitutional policy or custom of the County."). Even speculating that the plaintiff intended to sue the Rutherford County sheriff who oversees the jail, he has failed to state a claim by failing to allege that the sheriff is personally involved in the matters about which the plaintiff complains. *See Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n. 3 (6th Cir. 2005) ('[P]roof of personal involvement is required for a supervisor to incur personal liability").

Further, even if he had named a proper defendant, the plaintiff's allegations do not establish violations of his civil rights. The Eighth Amendment protects against conditions of confinement that constitute serious health or safety threats, but not against those that cause mere discomfort or inconvenience. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). An inmate "cannot expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988), *quoted in Thaddeus–X v. Blatter*, 175 F.3d 378, 405 (6th Cir. 1999). While prison conditions may be "restrictive and even harsh," they do not violate the Eighth Amendment unless they "deprive inmates of the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir.1987) (per curiam). In the

---

[1] The clerk of court appears to have docketed the case against Rutherford County simply because that is the first entity mentioned in the complaint.

context of a conditions-of-confinement claim, only extreme deprivations can be characterized as punishment prohibited by the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992). For challenged jail conditions to qualify as extreme, they must have resulted in "the deprivation of [at least one] identifiable human need such as food, warmth, or exercise—for example, a low cell temperature at night combined with a failure to issue blankets." *Wilson v. Seiter*, 501 U.S. 294, 304 (1991). A limited but regular supply of free toilet paper, with more available for purchase, does not rise to that level of deprivation, as this court has already concluded. *See Hunter v. Helton*, No. 1:10-CV-00021, 2010 WL 2405092, at *8 (M.D. Tenn. June 10, 2010) ("Thus, the plaintiff's claim that one roll of toilet paper per inmate per week violates the Eighth Amendment will be dismissed.").

The plaintiff's allegations about denial of access to a law library are also deficient. Attachments to the complaint establish that the plaintiff has repeatedly demanded access to a "law library" and repeatedly been told that the jail does not have a law library but will provide him with copies of any materials he requests via legal information request form. (Docket Entry No. 1, at 5.) They also establish that the plaintiff was himself "a law clerk in a max prison for 13 months." (*Id.*)

Prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). This fundamental constitutional right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id.* at 828. This access includes providing indigent inmates with "paper and pen to draft legal documents with notarial services to authenticate them, and with stamps to mail them." *Id.* at 824–25. However, an inmate does not have "an abstract, freestanding right to a law library or legal assistance."

*Lewis v. Casey*, 518 U.S. 343, 351 (1996). The touchstone is the meaningful access to the courts, *Bounds*, 430 U.S. at 823 (emphasis added), and may include "replac[ing] libraries with some minimal access to legal advice and a system of court-provided forms." *Lewis*, 518 U.S. at 352. Particularly in light of the plaintiff's own experience as a prison "law clerk," his ability to access legal materials on request is sufficient to satisfy the constitution in this case. Moreover, the plaintiff's submissions make clear that he had appointed counsel during his criminal prosecution, and he has not alleged that his own inability to access any particular legal material prejudiced his ability to defend himself or to pursue any meritorious appeals, collateral challenges or civil rights actions, as is necessary to state a claim for violation of the right to access the courts. *See Lewis v. Casey*, 518 U.S. 343, 349, 353, 355 (1996) (inmate claiming denial of access to court must allege "actual injury" to a "nonfrivolous legal claim" in connection with an attack on his criminal sentence or challenge to conditions of confinement).

Finally, the remainder of the plaintiff's claims relate directly to the validity of his criminal conviction and may not be presented under § 1983 while that conviction stands. The law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement ... even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973)).

The plaintiff does not specify in his complaint what relief he seeks. Because he does not allege that he has exhausted state court remedies as required to seek a writ of habeas corpus, and because of the potential adverse collateral consequences of construing a complaint to be a petition for the writ of habeas corpus, *see Young Bok Song v. Gipson*, 423 F. App'x 506, at 509 (6th Cir. 2011), the court construes this to be an action brought exclusively under § 1983. A §

1983 claim challenging confinement must be dismissed even where a plaintiff expressly seeks only injunctive or monetary relief. *Heck*, 512 U.S. at 489–90 (claim for damages is not cognizable); *Preiser*, 411 U.S. at 488–90 (claim for injunctive relief is only cognizable under 28 U.S.C. § 2254). The United States Supreme Court has extended *Heck* to bar § 1983 actions that do not directly challenge confinement, but instead challenge the procedures that imply unlawful confinement. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). More recently, the court has explained that "a state prisoner's § 1983 action is barred (absent prior invalidation [of his conviction or sentence])—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

Accordingly, the plaintiff's claims about due process, discovery and ineffective assistance of his criminal defense counsel are not cognizable under 42 U.S.C. § 1983 and must be dismissed. The plaintiff's exclusive remedy is habeas corpus, which he may only seek under federal law after exhausting any remedies available in state court.

## IV.   CONCLUSION

For the reasons set forth above, this action will be **DISMISSED** without prejudice to the plaintiff's ability to file a petition for the writ of habeas corpus after exhaustion of his state court remedies. An appropriate order is filed herewith.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　Aleta A. Trauger
　　　　　　　　　　　　　　　　　　United States District Judge